**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of    Delaware _____
(State)

Case number *(If known)*:  19-_____    Chapter    11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Hexion Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | Hexion Specialty Chemicals, Inc.; Momentive Specialty Chemicals Inc. |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 1  3 – 0  5  1  1  2  5  0 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 180 East Broad Street | |
| Number        Street | Number         Street |
| | |
| Columbus, Ohio  43215 | |
| City            State      ZIP Code | City               State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Franklin | |
| County | Number         Street |
| | |
| | City               State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.hexion.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    Hexion Inc.
_____
Name

Case number *(if known)* _____

**7.    Describe debtor's business**

A.  *Check one:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Railroad (as defined in 11 U.S.C. § 101(44))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)
☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    3   2   5   1

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐  Chapter 7
☐  Chapter 9
☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒  No
☐  Yes.   District _____  When _____  Case number _____
                                                        MM / DD / YYYY
          District _____  When _____  Case number _____
                                                        MM / DD / YYYY

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐  No
☒  Yes.   Debtor   See Attachment 1. _____  Relationship   Affiliate _____

          District   Delaware _____  When   Date hereof _____
                                                      MM / DD / YYYY

          Case number, if known   _____

| Debtor | Hexion Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒₁ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

|  |  |
|---|---|
| Number | Street |

_____

| | | |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No.

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15.** **Estimated assets**

*Consolidated for all Debtors

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor    Hexion Inc.

_____

Name

Case number (if known)    _____

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| 16. | **Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|---|
| | | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

**\*Consolidated for all Debtors**

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | I have been authorized to file this petition on behalf of the debtor. |
| | | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4 | 1 | 19
            MM / DD / YYYY

✗ _George F. Knight III_    George F. Knight, III
Signature of authorized representative of debtor    Printed name

Title    Executive Vice President and Chief Financial Officer

| 18. | **Signature of attorney** | ✗ _Michael Merchant_ _____    Date    4 | 1 | 19 |
|---|---|---|
| | | Signature of attorney for debtor    MM / DD / YYYY |

Michael J. Merchant
Printed Name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number        Street

| Wilmington | Delaware | 19801 |
|---|---|---|
| City | State | Zip Code |

| (302) 651-7700 | merchant@rlf.com |
|---|---|
| Contact phone | Email address |

| No. 3854 | Delaware |
|---|---|
| Bar number | State |

## **ATTACHMENT 1 TO VOLUNTARY PETITION**

On the date hereof, each of the affiliated entities listed below (collectively, the "***Debtors***") will file or has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the District of Delaware (the "***Court***"). Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
|---|---|
| Hexion Holdings LLC | 27-4076842 |
| Hexion LLC | 20-2918090 |
| Hexion Inc. | 13-0511250 |
| Lawter International Inc. | 36-1370818 |
| Hexion CI Holding Company (China) LLC | 20-3907441 |
| Hexion Nimbus Inc. | 26-1604409 |
| Hexion Nimbus Asset Holdings LLC | 26-1604409 |
| Hexion Deer Park LLC | 82-4638302 |
| Hexion VAD LLC | 83-1686340 |
| Hexion 2 U.S. Finance Corp. | 20-5752643 |
| Hexion HSM Holdings LLC | 83-0867131 |
| Hexion Investments Inc. | 51-0370359 |
| Hexion International Inc. | 20-2833048 |
| North American Sugar Industries Incorporated | 13-1639735 |
| Cuban-American Mercantile Corporation | 13-1639734 |
| The West India Company | 13-1642288 |
| NL Coop Holdings LLC | 27-2090696 |
| Hexion Nova Scotia Finance, ULC | N/A |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x

In re:                                          :          Chapter 11
                                                :
HEXION HOLDINGS LLC, et al.,[1]                 :          Case No. 19-_____ ( )
                                                :
            Debtors.                            :          Joint Administration Requested
                                                :
---------------------------------------------------------------- x

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 30 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the thirty (30) largest unsecured claims (the "**Creditor List**") based on the Debtors' unaudited books and records as of March 8, 2019.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim at a later date.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Hexion Holdings LLC (6842); Hexion LLC (8090); Hexion Inc. (1250); Lawter International Inc. (0818); Hexion CI Holding Company (China) LLC (7441); Hexion Nimbus Inc. (4409); Hexion Nimbus Asset Holdings LLC (4409); Hexion Deer Park LLC (8302); Hexion VAD LLC (6340); Hexion 2 U.S. Finance Corp. (2643); Hexion HSM Holdings LLC (7131); Hexion Investments Inc. (0359); Hexion International Inc. (3048); North American Sugar Industries Incorporated (9735); Cuban-American Mercantile Corporation (9734); The West India Company (2288); NL Coop Holdings LLC (0696); and Hexion Nova Scotia Finance, ULC (N/A). The address of the Debtors' corporate headquarters is 180 East Broad Street, Columbus, Ohio 43215.

Debtor name: Hexion Holdings LLC, et al.

United States Bankruptcy Court for the District of Delaware

Case number (If known):    19-

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association 50 South Sixth St, Ste 1290 Minneapolis, MN 55402-1544 | Jane Schweiger Tel: 612-217-5632 Fax: 612-217-5651 Email: jschweiger@wilmingtontrust.com | 10.375% First-Priority Senior Secured Notes due 2022 | | $560,000,000 | Unknown | Unknown |
| 2 | Wilmington Trust, National Association 50 South 6th St, Ste 1290 Minneapolis, MN 55402-1544 | Jane Schweiger Tel: 612-217-5632 Fax: 612-217-5651 Email: jschweiger@wilmingtontrust.com | 10.000% First-Priority Senior Secured Notes due 2020 | | $315,000,000 | Unknown | Unknown |
| 3 | Wilmington Trust, National Association 50 South 6th St, Ste 1290 Minneapolis, MN 55402-1544 | Jane Schweiger Tel: 612-217-5632 Fax: 612-217-5651 Email: jschweiger@wilmingtontrust.com | 6.625% First-Priority Senior Secured Notes due 2020 | | $1,550,000,000 | Unknown | Unknown |
| 4 | Wilmington Savings Fund Society, FSB 500 Delaware Avenue Wilmington, DE 19801 | Patrick Healy Tel: 302-792-6009 Fax: 302-421-9137 Email: phealy@wsfbank.com | 13.75% Senior Secured Notes due 2022 | | $225,000,000 | Unknown | Unknown |
| 5 | Wilmington Trust, National Association 50 South 6th St, Ste 1290 Minneapolis, MN 55402-1544 | Jane Schweiger Tel: 612-217-5632 Fax: 612-217-5651 Email: jschweiger@wilmingtontrust.com | 9.00% Second-Priority Senior Secured Notes due 2020 | | $574,016,000 | Unknown | Unknown |

Debtor      Hexion Holdings LLC, et al._____         Case number (if known)_____
            Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Bny Mellon Corporate Trust 500 Ross Street, 12th Floor AIM # 154-1275 Pittsburgh, PA 15262 | Raymond O'Neill Tel: 412-236-1201 Email: raymond.k.oneil@bnymellon.com | 9.2% Borden Debentures due 2021 | | | | $74,000,000 |
| 7 | Bny Mellon Corporate Trust 500 Ross Street, 12th Floor AIM # 154-1275 Pittsburgh, PA 15262 | Raymond O'Neill Tel: 412-236-1201 Email: raymond.k.oneil@bnymellon.com | 7.875% Borden Debentures due 2023 | | | | $189,000,000 |
| 8 | Blue Cube Operations LLC 33163 Collection Ctr Dr Chicago, IL 60693-0331 | Davor Safor Tel: 302-373-2400 Email: dsafar@olinbc.com | Trade Vendor | | | | $7,035,673.00 |
| 9 | Southern Chemical 2 Northpoint Dr, Ste 975 Houston, TX 77060 | Jan Spin Tel: 832-448-7100 Fax: 832-448-7102 Email: jspin@southernchemical.com | Trade Vendor | | | | $7,018,791.00 |
| 10 | Mitsubishi 655 3rd Ave, 19th Fl New York, NY 10017 | Mark Vassar Tel: 212-687-9030 Fax: 212-687-2810 Email: mvassar@mgc-a.com | Trade Vendor | | | | $5,847,094.00 |
| 11 | OCI 11767 Katy Freeway, Ste 1140 Houston, TX 77079-1731 | Sergio Quadros Tel: 832-372-0001-106 Fax: 832-379-0002 Email: sergio.quadros@ocinitrogen.com | Trade Vendor | | | | $3,789,381.00 |
| 12 | Dystar LP 9844 A Southern Pine Blvd Charlotte, NC 28273C | Ron Pedemonte Tel: 704-561-3031 Fax: 704-561-3006 Email: ron.pedemonte@dystar.com | Trade Vendor | | | | $3,610,843.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor    Hexion Holdings LLC, et al.                                   Case number (if known)_____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Methanex 135 South Lasalle St, Dept 2927 Chicago, IL 60606 | Karine Delbarre Tel: 972-702-0909 Fax: 972-702-0910 Email: kdelbarre@methanex.com | Trade Vendor | | | | $3,549,397.00 |
| 14 | HA International LLC 630 Oakmont Ln Westmont, IL 60559 | Mike Feehan Tel: 630-575-5700 Fax: 630-575-5811 Email: mike.feehan@ha-international.com | Trade Vendor | | | | $2,054,659.00 |
| 15 | Occidental Chemical P.O. Box 360472M Pittsburgh, PA 15251 | Kevin Connors Tel: 800-699-0324 Fax: 713-985-1491 Email: kevin_m_connors@oxy.com | Trade Vendor | | | | $1,862,816.00 |
| 16 | Sumitomo Corp of Americas 91021 Collections Ctl Dr Chicago, IL 60693 | Kurt Yoshikawa Tel: 713-653-8491 Fax: 713-653-8472 Email: kei.yoshikawa@sumitomocorp.com | Trade Vendor | | | | $1,765,885.00 |
| 17 | Univar USA Inc 13009 Collections Ctr Dr Chicago, IL 75284-9027 | Roger Landmann Tel: 800-234-4588 Fax: 208-467-2650 Email: roger.landmann@univar.com | Trade Vendor | | | | $1,725,959.00 |
| 18 | Grief Inc P.O. Box 88879 Chicago, IL 60695-1879 | Louis Villasor Tel: 281-216-8236 Email: louis.villasor@greif.com | Trade Vendor | | | | $1,550,502.00 |
| 19 | Advansix, Inc. 115 Tabor Dr Morris Plains, NJ 07950-2546 | Paul Sanders Tel: 973-727-0143 Email: paul.sanders@advan6.com | Trade Vendor | | | | $1,388,543.00 |
| 20 | Altivia Petrochemicals LLC 1100 Louisiana St, Ste 4800 Houston, Tx 77002-5227 | Tim Duhe Tel: 713-658-9000 Fax: 713-658-0102 Email: tdune@altivia.com | Trade Vendor | | | | $1,261,538.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

| Debtor | Hexion Holdings LLC, et al. | | | Case number (*if known*) | | | |
|---|---|---|---|---|---|---|---|
| | Name | | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | BASF Corp P.O. Box 360941 Pittsburgh, PA 15251-6941 | Justine Smith Tel: 973-245-6211 Email: justine.smith@basf.com | Trade Vendor | | | | $1,235,802.00 |
| 22 | Waxian International LLC 1 Engle St, Ste 204 Englewood, NJ 07631 | Sean Fales Tel: 201-494-4533 Fax: 201-494-4534 Email: sean.fales@waxianinternational.com | Trade Vendor | | | | $1,159,285.00 |
| 23 | Wanhua Chemical (America) Co Ltd 3803 W Chester Pike, Ste 240 Newtown Square, PA 19073 | Matthew Kalesza Tel: 302-7662954 Fax: 973-939-8400 Email: matthew.kalesza@us.whchem.com | Trade Vendor | | | | $1,117,862.00 |
| 24 | Dana Transport Inc 210 Essex Ave E Avenel, NJ 07001 | Rita Datzek Tel: 317-841-4200 Fax: 317-841-8259 Email: rdatzek@liquidtransport.com | Trade Vendor | | | | $1,111,555.00 |
| 25 | Schuetz Container Systems Inc P.O. Box 416434 Boston, MA 02241-6434 | John Millard Tel: 508-965-8296 Email: John.millard@schuetz.com | Trade Vendor | | | | $1,049,189.00 |
| 26 | Quality Carriers Inc 1910 Sheldon Rd Channelview, TX 77530 | Gary Enzor Tel: 973-445-0239 Fax: 832-213-1593 Email: genzor@qualitydistribution.com | Trade Vendor | | | | $991,328.00 |
| 27 | Agrium US Inc 36494 Treasury Ctr Chicago, IL 60694-3600 | Troy Erng Tel: 877-700-5490 Fax: 888-255-2088 Email: troy.erny@Nutrion.com | Trade Vendor | | | | $978,705.00 |
| 28 | Slay Transportation Co Inc 75 Remittance Dr, Ste 6650 Chicago, IL 60675-6650 | Shannon Greene Tel: 314-647-7529 Email: sgreene@slay.com | Trade Vendor | | | | $945,631.00 |
| 29 | Cornerstone Chemical Co 10800 River Rd Waggaman, LA 70094 | Mike Driscoll Tel: 800-236-0977 Fax: 504-431-6689 Email: mike.driscoll@cornerstonechemco.com | Trade Vendor | | | | $940,638.00 |
| 30 | CF Industries Sales P.O. Box 95854 Chicago, IL 60694-5854 | Brett Nightingale Tel: 847-405-2400 Fax: 813-943-4829 Email: bnitingale@cfindustries.com | Trade Vendor | | | | $869,014.00 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------   x
In re:                                          :        Chapter 11
                                                :
HEXION INC.                                     :        Case No. 19-_____  (   )
                                                :
180 E. Broad Street                             :        TAX ID NO. 13-0511250
  Columbus, OH 43215                            :
                    Debtor.                     :
                                                :
                                                :
------------------------------------------------------------   x
```

## CORPORATE OWNERSHIP STATEMENT

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder | Approximate Percentage of Units Held |
|---|---|
| Hexion LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------  x
In re:                                              :        Chapter 11
                                                    :
HEXION INC.                                         :        Case No. 19-_____ (   )
                                                    :
180 E. Broad Street                                 :        TAX ID NO. 13-0511250
 Columbus, OH 43215                                 :
                                Debtor.             :
                                                    :
                                                    :
------------------------------------------------------------------------  x

## LIST OF EQUITY SECURITY HOLDERS

     The following is a list of the above-captioned debtor's equity security holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership |
|---|---|---|
| Hexion LLC | 180 E. Broad Street Columbus, OH 43215 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Hexion Inc.___

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): 19-_____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ____

☒    *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration __Corporate Ownership Statement; List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    ___4/1/2019___          X    _George F. Knight III_____
                          MM/DD/YYYY                Signature of individual on behalf of debtor

                                        George F. Knight, III
                                        Printed name

                                        Executive Vice President & Chief Financial Officer
                                        Position or relationship to debtor

**HEXION INC.**
**ACTION BY UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS**

**March 31, 2019**

The undersigned, being all the members of the Board of Directors (the "**Board**") of Hexion Inc. (the "**Company**"), acting without a meeting pursuant to Section 14A:6-7.1(5) of the New Jersey Business Corporation Act, hereby waive notice of this Action and consent to and adopt the following resolutions:

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Company, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board has reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form presented to the Board at the meeting held on March 31, 2019, the "**RSA**"), by and among the Company and certain of its affiliates (collectively, the "**Hexion Parties**"), certain of their creditors and certain other parties and the transactions contemplated thereby; and

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, its stockholders and its other stakeholders generally that the Company file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code**

**BE IT RESOLVED**, that the Company is hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the bankruptcy case commenced by such petition, together with the bankruptcy cases of the other Hexion Parties, being referred to as the "**Chapter 11 Cases**");

**BE IT FURTHER RESOLVED**, that the President, the Secretary, the Treasurer, Vice Presidents and other officers of the Company (collectively, the "**Authorized Officers**") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the Company in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), in such form and at such time as the Authorized Officer executing such petition shall determine; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or

documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

## Restructuring Support Agreement

**BE IT RESOLVED**, that under the totality of the circumstances, the agreements reflected in the RSA are in the best interests of the Company and the Board hereby authorizes and approves the Company to document, execute, and deliver the RSA;

**BE IT FURTHER RESOLVED**, that each other agreement, document, and instrument contemplated by the RSA to be executed or delivered by the Company is hereby authorized and approved; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to document, execute, and deliver the RSA, as the same may be amended, supplemented, or modified, as such Authorized Officers may consider necessary, proper, or desirable, and in the best interests of the Company and its stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Officers to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Officer determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions; provided, that the Authorized Officers shall not approve any material amendments, supplements, or modifications to, or other amendments, supplements, or modifications that are generally inconsistent with, the RSA without the prior approval of the Board.

## Debtor-in-Possession Financing and Use of Cash Collateral

**BE IT RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions (the "**Debtor-in-Possession Financing**") under that certain (a) senior secured debtor-in-possession asset-based revolving credit facility in an aggregate principal amount of $350,000,000 to be evidenced by that certain Amended and Restated Senior Secured Debtor-in-Possession Asset-Based Revolving Credit Agreement, dated on or about March 31, 2019, to be entered into by and among certain of the Hexion Parties, the lenders party thereto, JPMorgan Chase Bank, N.A. (as administrative agent, collateral agent, swingline lender and initial issuing bank), and JPMorgan Chase Bank, N.A., Credit Suisse Securities (USA) LLC, Credit Suisse Cayman Islands Branch and Citigroup Global Markets Inc. (as joint lead arrangers and bookrunners) (the "**DIP ABL Credit Agreement**"), and (b) senior secured term loan facility in an aggregate principal amount of $350,000,000, dated on or about March 31, 2019, to be entered into by and among certain of the Hexion Parties (including Hexion International Holdings B.V. ("**Hexion B.V.**"), as borrower), the lenders party thereto, and JPMorgan Chase Bank, N.A. as administrative agent (the "**DIP Term Loan Credit Agreement**" and, together with the DIP ABL Credit Agreement, the "**DIP Credit Agreements**"), in each case subject to approval by the Bankruptcy Court, which Debtor-in-

Possession Financing is necessary and appropriate to the conduct, promotion and attainment of the business of the Company;

    **BE IT RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreements, substantially in the form presented to the Board, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially on the terms and conditions set forth in the DIP Credit Agreements, and (ii) any and all of the other agreements, including, without limitation, that certain intercompany note between Hexion Inc., as borrower, and Hexion B.V., as lender, pursuant to which Hexion B.V. will loan the proceeds of the Debtor-in-Possession Financing extended under the DIP Term Loan Credit Agreement to Hexion Inc. (the "**Intercompany Note**"), any guarantee and security agreement, reaffirmations of guarantees, reaffirmations of security, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder are hereby, in all respects confirmed, ratified and approved;

    **BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the the DIP Credit Agreements and any other DIP Financing Documents;

    **BE IT RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents (collectively, the "**DIP Financing Transactions**");

    **BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing;

    **BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreements and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable;

**BE IT RESOLVED**, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized to seek approval from the Bankruptcy Court of an order in interim and final forms, to (i) enter into and implement in all respects the transactions contemplated by the DIP Financing Documents, including the incurrence of obligations under, and granting of liens to secure, the Debtor-in-Possession Financing, and (ii) continue to use the cash collateral and other collateral under the Company's secured credit facilities in the ordinary course of business (a "**DIP/Cash Collateral Order**"), as contemplated by, and agreed to in, the DIP Financing Documents, and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the DIP/Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## Retention of Professionals

**BE IT RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Latham & Watkins LLP to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the law firm of Richards, Layton & Finger, P.A. to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, P.A.;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Moelis & Company LLC, as financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Moelis & Company LLC;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of AlixPartners, LLP, as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ the firm of Omni Management Group, as claims, noticing, soliciting, and balloting agent, to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Omni Management Group; and

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Company, to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

## General

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer of the Company to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable, to cause each of the other Hexion Parties to take any action necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of each of the other Hexion Parties, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and

Any facsimile or other electronic signature of the Board to these resolutions shall be fully effective as an original signature hereto. Upon execution of these resolutions, the undersigned hereby directs that these resolutions be filed in the Company's minute book.

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the date first written above.

_George F. Knight, III_ _____
George F. Knight, III

_____
Craig A. Rogerson

Being all of the Members of the Board of Directors of the Company

IN WITNESS WHEREOF, the undersigned have executed this Unanimous Written Consent as of the date first written above.

_____
George F. Knight III

_____
Craig A. Rogerson

Being all of the Members of the Board of Directors of the Company